UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE BRICKLAYERS
PENSION TRUST FUND –                          Case No. 12-12016
METROPOLITAN AREA, ET AL.,
                                              Honorable Nancy G. Edmunds
            Plaintiffs,

v.

ORLANDO & SONS, INC. AND ANDREW
ORLANDO,

            Defendants.
_____/


**ORDER (1) DENYING AS PREMATURE PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [8], (2) REQUIRING DEFENDANTS TO SUBMIT TO AN AUDIT, AND (3) CANCELLING HEARING SCHEDULED FOR OCTOBER 3, 2012**


        This matter comes before the Court on Plaintiff Trust Funds' motion for entry of default judgment.  For the reasons stated below, Plaintiffs' motion is premature and thus is DENIED WITHOUT PREJUDICE.

        The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Plaintiffs' motion for entry of default judgment [8] shall be resolved as submitted, and the hearing previously scheduled on October 3, 2012 is hereby CANCELLED.

Because Plaintiffs have not yet conducted an audit, they do not at this point seek a sum certain, and thus have not satisfied the criteria for a default judgment under Fed. R. Civ. P. 55(b).  For this reason, Plaintiffs' motion is DENIED AS PREMATURE.

Plaintiffs are, however, entitled to audit Defendant Orlando & Sons, Inc.'s books and records.  *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).  The Court hereby ORDERS that:

1.  Defendants shall, within 30 days of the date of this Order, SUBMIT THEIR BOOKS AND RECORDS for all periods during which contribution reports have not been filed and to which an audit has not been performed FOR AN AUDIT by Plaintiffs' auditor.  Plaintiffs shall notify Defendants as to the specific time periods during which contribution reports have not been filed and to which an audit has not been performed.  The records to be submitted for an audit include, but are not limited to:

- Internal Revenue Service Forms W-2 and W-4;

- Internal Revenue Service Forms 940, 941, 1099, and 1096;

- Michigan Employment Security Commission Reports;

- All time cards, payroll data and workers' disability compensation records, including audits;

- State of Michigan Forms 1020;

- Corporate Defendant's general ledger; and

- All records showing hours worked per employee per project and wages paid per project.

2.   If Defendants fail to submit the aforesaid books and records within 30 days of the date of this Order, the U.S. Marshals, or such other authorized representative of this Court, is hereby authorized to seize the aforesaid books and records and deliver them to Plaintiffs.

3.   **Defendants failure to comply with this Order may result in a hearing requiring the appearance of Defendant Andrew Orlando to show cause why he should not be held in contempt**.

4.   Plaintiffs shall serve, in accordance with the Federal Rules of Civil Procedure, a copy of this Order on Corporate Defendant, Orlando & Sons, Inc., and on Individual Defendant, Andrew Orlando, and must file a proof of service with the Court.

5.   Plaintiffs shall file an amended motion for default judgment within 30 days after the audit is completed.  Plaintiffs are reminded that a motion which seeks damages under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2), provides that a Court may award an ERISA plan the following:

(A)   the unpaid contributions,
(B)   interest on the unpaid contributions,
(C)   an amount equal to the greater of –

(i)  interest on the unpaid contributions, or
(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)   such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Typically, to establish a sum certain, Plaintiff Funds present the following:

(A)     an affidavit of the Fund Auditor documenting the unpaid contributions,

(B)     an affidavit of the Fund Auditor documenting the interest on unpaid contributions,

(C)     an affidavit of the Fund Auditor and supporting plan documentation addressing the amount sought as liquidated damages, and

(D)     counsel's affidavit regarding the requested attorney fees and costs.

In addition, the Sixth Circuit has made the following observations as to liquidated damages. Although permitted under § 1132(g), a claimant may not recover liquidated damages in excess of 20 percent of unpaid contributions. *Bricklayers Pension Trust Fund v. Rosati, Inc.*, No. 98-1552, 1999 WL 503501, at *2 (6th Cir. July 7, 1999). If there are no unpaid contributions at the time of judgment, no liquidated damages are to be awarded under § 1132(g). *Id.* Where § 1132(g) does not apply and the trust funds seek recovery under the trust documents or collective bargaining agreement, these documents must be presented to the Court so that it may carefully scrutinize them to determine whether the damages are void as a penalty under federal or state law. *Id.* (citing *In re Michigan Carpenters Council Health and Welfare Fund v. C. J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991)). "In particular, the district court must determine that the provisions meet two conditions of enforceability. First, the harm caused by the breach must be very difficult or impossible to estimate. And second, the amount fixed must be a reasonable forecast of just compensation for the harm caused." *Id.* (internal citations omitted).

Accordingly, if Plaintiffs' amended motion for default judgment seeks liquidated damages, Plaintiffs must inform the Court whether they are entitled to liquidated damages

4

under 29 U.S.C. § 1132(g)(2)(C) or under trust documents or a collective bargaining agreement that are not void as a penalty under federal or state law.   *See Rosati*. Moreover, Plaintiffs cannot seek interest on claimed liquidated damages absent documentation allowing for it.  Section 1132(g)(2)(C) does not allow for such interest so authority allowing for that interest must be provided to the Court.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager